*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

ALAN DRAKE,

        Plaintiff-Appellee,

v

CITY OF OAK PARK,

        Defendant-Appellant.

UNPUBLISHED
September 10, 2019

No. 340975
Oakland Circuit Court
LC No. 2017-158907-NO

Before: K. F. KELLY, P.J., and RIORDAN and GADOLA, JJ.

PER CURIAM.

Defendant, City of Oak Park, appeals as of right the trial court order denying its motion for summary disposition premised on governmental immunity. We reverse and remand.

## I. BASIC FACTS AND PROCEDURAL HISTORY

On November 15, 2016, plaintiff was jogging on defendant's sidewalk in front of a home located at 1407 Ludlow. He asserted that he "was . . . suddenly and violently caused to trip and fall" by a 3 ½ inch vertical discontinuity in the sidewalk. Plaintiff contended that he suffered severe injuries as a result. He filed a complaint on May 23, 2017, alleging negligence, specifically challenging defendant's failure to maintain the sidewalk in a safe condition and asserting that the defect existed for more than 30 days before his injury such that defendant knew or should have known of the condition. The complaint acknowledged that the statute governing municipal liability for maintenance of sidewalks was recently amended on January 4, 2017, but claimed that the amendment had no application because it did not apply retroactively.

On June 20, 2017, defendant filed a motion to dismiss pursuant to MCR 2.116(C)(7), (8), and (10), alleging that MCL 691.1402a was amended to allow it to raise a defense that the condition was open and obvious. Defendant asserted that it was entitled to summary disposition because the condition was open and obvious where an average user with ordinary intelligence would have discovered the danger and the risk upon casual inspection. It offered the photographs of the area purportedly to demonstrate that the sidewalk's condition was clearly visible to an ordinary user upon casual inspection. Further, defendant contended that there were no special aspects to the open and obvious condition that made the risk unreasonably dangerous.

-1-

On August 24, 2017, plaintiff filed an answer in opposition to the dispositive motion. Plaintiff asserted that his claim arose on November 15, 2016, but the statutory amendment did not take effect until January 4, 2017. Because the statute did not contain any reference to retroactivity, plaintiff alleged that any amendment should be applied prospectively only. Plaintiff further contended that the defect was in excess of two inches, the defect was in existence for more than 30 days, and therefore, plaintiff was entitled to summary disposition pursuant to MCR 2.116(I)(2) with a trial necessary to address damages only.

In reply, defendant asserted that MCL 691.1402a was entitled to retroactive application because the statute did not impact vested rights, and plaintiff failed to challenge the open and obvious nature of the condition of the sidewalk. Following oral argument, the trial court denied defendant's motion for summary disposition, holding that the statutory amendment was presumed to apply prospectively and there was no clear manifestation of the intent to grant retroactive application by the Legislature. In light of the holding that the statute was given prospective application only, the court did not address whether the condition of the sidewalk was open and obvious. The trial court also denied summary disposition to plaintiff pursuant to MCR 2.116(I)(2), concluding that there were factual issues regarding defendant's knowledge of the defect and any possible comparative negligence by the plaintiff. From this ruling, defendant appeals.

## II. LEGAL STANDARDS AND APPLICATION

Appellate courts review a trial court's decision on a motion for summary disposition de novo. *Magley v M & W Inc*, 325 Mich 307, 402; 926 NW2d 1 (2018). The application of governmental immunity and a statutory exemption to governmental immunity also present questions of law subject to review de novo. *Petersen Fin LLC v City of Kentwood*, 326 Mich App 433, 441; 928 NW2d 245 (2018). Summary disposition is proper pursuant to MCR 2.116(C)(7) when a claim is barred premised on "immunity granted by law." When there is no pertinent factual dispute, the issue of whether a claim is barred by MCR 2.116(C)(7) presents a question of law for the court to decide. *Snead v John Carlo, Inc*, 294 Mich App 343, 354; 813 NW2d 294 (2011). "If, however, a pertinent factual dispute exists, summary disposition is not appropriate." *Id*.

The government tort liability act (GTLA), MCL 691.1401 *et seq*., entitles a governmental agency to immunity from tort liability if the agency was engaged in a governmental function unless an exception applies. *Johnson-McIntosh v City of Detroit*, 266 Mich App 318, 322; 701 NW2d 179 (2005). The highway exception to governmental immunity, MCL 691.1402(1) provides, in pertinent part:

> Each governmental agency having jurisdiction over a highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. A person who sustains bodily injury or damage to his or her property by reason of failure of a governmental agency to keep a highway under its jurisdiction in reasonable repair and in a condition reasonably safe and fit for travel may recover the damages suffered by him or her from the governmental agency.

The term "highway" is defined to "include[] a bridge, sidewalk, trailway, crosswalk, or culvert on the highway." MCL 691.1401(c). Pursuant to MCL 691.1402a, municipalities have a duty to maintain sidewalks in reasonable repair and states:

(1) A municipal corporation in which a sidewalk is installed adjacent to a municipal, county, or state highway shall maintain the sidewalk in reasonable repair.

(2) A municipal corporation is not liable for breach of a duty to maintain a sidewalk unless the plaintiff proves that at least 30 days before the occurrence of the relevant injury, death, or damage, the municipal corporation knew or, in the exercise of reasonable diligence, should have known of the existence of the defect in the sidewalk.

(3) In a civil action, a municipal corporation that has a duty to maintain a sidewalk under subsection (1) is presumed to have maintained the sidewalk in reasonable repair. This presumption may only be rebutted by evidence of facts showing that a proximate cause of the injury was 1 or both of the following:

(a) A vertical discontinuity defect of 2 inches or more in the sidewalk.

(b) A dangerous condition in the sidewalk itself of a particular character other than solely a vertical discontinuity.

(4) Whether a presumption under subjection (3) has been rebutted is a question of law for the court.

(5) In a civil action, a municipal corporation that has a duty to maintain a sidewalk under subsection (1) may assert, in addition to any other defense available to it, any defense available under the common law with respect a premises liability claim, including, but not limited to, a defense that the condition was open and obvious.

(6) A municipal corporation's liability under subsection (1) is limited by section 81131 of the natural resources and environmental protection act, 1994 PA 451, MCL 324.91131.

MCL 691.1402a was amended effective January 4, 2017, following the passage of 2016 PA 419, with the substantive change to the statute being the allowance of the open and obvious defense to municipalities.

In the present case, the parties acknowledge that plaintiff's alleged injury occurred on November 15, 2016, before the statutory amendment to MCL 691.1402a became effective on January 4, 2017. However, the complaint was filed after the amendment that permits a municipality to advance an open and obvious defense to a claim for breach of duty to maintain a sidewalk. Thus, the parties dispute the applicability of the open and obvious defense to this case. However, the dispute regarding the retroactive or prospective applicability of the statutory amendment was recently resolved in *Buhl v City of Oak Park*, ___ Mich App ___, ___; ___

-3-

NW2d ___ (2019) (Docket No. 340359). The *Buhl* majority held that "the Legislature's enactment of 2016 PA 419 . . . overcomes the presumption for prospective application and thus has retroactive effect to events which preceded its enactment," and therefore, a municipality was entitled to utilize the open and obvious defense. *Id*. at ___; slip op at 17. We must follow the precedent established by *Buhl*. MCR 7.215(C)(2), (J)(1). Accordingly, we reverse the trial court's holding that MCL 691.1402a applies prospectively only and remand for the trial court to address the application of the open and obvious defense.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction. Defendant, the prevailing party, may tax costs.

/s/ Kirsten Frank Kelly
/s/ Michael J. Riordan
/s/ Michael F. Gadola